IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Lin Seagle,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et. al.,<br><br>    Respondents. | No. CV 10-1342-ROS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on June 28, 2010, by Petitioner David Lin Seagle, who is confined in the Arizona State Prison (Doc. 1).  Respondents filed an Answer on September 29, 2010 (Doc. 11).  Petitioner filed a Reply, which he titled a "Response to Answer," on November 15, 2010 (Doc. 9).

**BACKGROUND OF STATE COURT PROCEEDINGS**

On December 26, 2007, Petitioner entered a plea of guilty, pursuant to a plea agreement, in the Maricopa County Superior Court of Arizona, to one felony count of Attempted Sexual Conduct with a Minor and one felony count of Attempted Molestation of a Child. (Doc. 9, Exh. A.) Petitioner stipulated, in the plea agreement, to a sentence of lifetime probation on the attempted sexual conduct charge, and to a presumptive, 10-year sentence on the attempted molestation charge. (Doc. 1-1, at 3.) On May 9, 2008, Petitioner was sentenced

1 to the presumptive term of 10-years in prison for Attempted Sexual Conduct with a Minor,
2 and lifetime probation for Attempted Molestation of a Child. (Id., Exh. B.)

3 On July 10, 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("PCR"),
4 in the trial court presenting three issues: (1) the trial court abused its discretion when it
5 sentenced him pursuant to A.R.S. §13-604.01 because the statute did not include attempted
6 offenses; (2) A.R.S. §13-604.01 was unconstitutionally vague because it did not define the
7 term "prepatory"; and (3) the application of "prepatory" within A.R.S. §13-604.01 violated
8 Article IV of the Arizona Constitution "for failure to provide such subject matter within the
9 title of said law." (Doc. 9, Exh. C.) On January 6, 2009, the trial court dismissed the
10 petition, finding that A.R.S. §13-604.01 is not unconstitutionally vague, in that it "provides
11 persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does
12 provide explicit standards for those who apply it." (Id., Exh. D.) The court further found
13 "that the term 'prepatory offense' is sufficiently common and well understood that a person
14 of ordinary intelligence applying the statute would understand that it encompasses an
15 attempted offense." (Id.) The court dismissed Petitioner's PCR. (Id.)

16 Petitioner filed a petition for review of the trial court's decision in the Arizona Court of
17 Appeals, raising one claim, that A.R.S. §13-604.01 was unconstitutionally vague and
18 overbroad regarding attempted sexual offenses. (Doc. 9, Exh. E.) The court of appeals
19 summarily denied relief on March 11, 2010. (Id., Exh. F.) On June 28, 2010, Petitioner filed
20 his Petition for Writ of Habeas Corpus, raising the following grounds for relief:

21 Ground One: whether the court had jurisdiction to automatically enhance [Petitioner's]
sentence absent elements or allegations additional to those essential to prove guilt of
22 the substantive offense[,]

23 Ground Two: whether the court, under the color of law, illegally enhanced my sentence
pursuant to A.R.S. 13-604.01 based on questionable statutory language and judicial
24 interpretation that do not resolve constitutional conflicts relevant to A.R.S. 13-1410[,]

25 Ground Three: whether the trial court abused it discretion by not sentencing the
defendant pursuant to A.R.S. 13-702 a first-time non dangerous felon violated his
26 United States Constitutional rights afforded by the Fifth, Sixth and Fourteenth
amendments whereas to create an illegal sentence[,]
27
Ground Four: whether non-compliance with due process guarantees of the Fifth, Sixth,
28 and Fourteenth Amendments of the U.S. Constitution deprives the state courts

- 2 -

1    jurisdiction to authorize a sentence enhancement that triples the unenhanced
     presumptive sentence when I have not waived my rights to a jury trial[.]
2    (Doc. 1, at 6-9.)

3    The Government responds that Petitioner's grounds for relief are not cognizable on

4    federal habeas review, and are in any event procedurally defaulted. (Doc. 9.)

## DISCUSSION

**A.      State Claims Cognizable on Habeas Review.**

The Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). This includes a trial court's evidentiary rulings based upon state law matters unless admission of the evidence was so prejudicial that it offends due process. Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). Additionally, a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997); see Engle v. Isaac, 456 U.S. 107, 1120-21 (1982) ("While they attempt to cast their first claim in constitutional terms, we believe that this claim does no more than suggest that the instructions at respondents' trials may have violated state law.").

Petitioner claims in Ground One that the trial court erred in imposing an enhanced sentence pursuant to A.R.S. §13-604.01 because the legislature did not intend it to be mandatory, and because the statute allegedly allowed "double counting of elements." (Doc. 1, at 5-16.) In Ground Two, he argues that the trial court erred in interpreting and applying A.R.S. §13-604.01. (Id., at 18-26.) In Ground Three, Petitioner asserts that the trial court abused its discretion when it failed to sentence him under A.R.S. §13-702 as a first time, non-dangerous offender. (Id., at 8.) In Ground Four, Petitioner argues that, by improperly applying A.R.S. §13-604.01, the trial court divested itself of jurisdiction, and thus, lacked the

1 authority to impose sentence. (Id., at 26-32.) Petitioner's claims that the state court misinterpreted and misapplied state law[1] are not cognizable on habeas review, and the fact that Petitioner labels the court's errors in federal constitutional terms does not transform these state claims into federal ones. Petitioner's claims two, three, and four, insofar as they relate to the misinterpretation and misapplication of state law, are therefore barred from federal habeas review.

**B.     Exhaustion and Procedural Default.**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). Petitioner bears the burden of demonstrating exhaustion. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). In cases not carrying a life sentence or the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. Swoopes, 196 F.3d at 1010.

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, his claim is procedurally defaulted. Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman v. Thompson, 501 U.S. 722, at 731-32 (1991).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for

---

[1] Petitioner's arguments are not clearly delineated; he intertwines his claims regarding the state court's misinterpretation and misapplication of A.R.S. §13-604.01, with his claim that the statute, as it relates to sentencing enhancement, is unconstitutionally vague.

- 4 -

which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar); Teague v. Lane, 489 U.S. 288, 297-99 (1989). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray v. Carrier, 477 U.S. 478, 495-96 (1996). Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, "cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a

1 Constitutional violation has resulted in the conviction of one who is actually innocent. See
2 Murray, 477 U.S. at 495-96.

3 Although Petitioner presented a statutory vagueness claim to the state court in his PCR,
4 he specifically claimed that A.R.S. §13-604.01 was vague because "it [did] not encompass
5 attempted offenses in the Second Degree, regardless of the victims age." (Doc. 9, Exh. C,
6 at 4.) He argued that A.R.S. §13-604.01 "does not tolerate the inclusion of "attempted"
7 offenses in the text of the statute," and that the term "prepatory" as set forth in the statute is
8 unconstitutionally vague. (Id., at 7.) In Petitioner's petition for review to the court of
9 appeals, he raised the same singular issue: "whether A.R.S. §13-604.01 is unconstitutionally
10 vague and overbroad in its application to attempt to commit sex crimes where the statute fails
11 to provide constructive or reasonable opportunity to discern whether the conduct is
12 prohibited." (Id., Exh. E, at 2.) He concludes his petition by asserting that the statute is
13 "unconstitutionally vague and overbroad in its ambiguous application of attempt to commit
14 sexual offenses." (Id., at 8.)

15 Petitioner does not make this argument in his habeas petition. He argues that the statute
16 is unconstitutionally vague because it "lends itself to different interpretations but does not,
17 by any construction, give the courts the authority to enhance a sentence by double counting
18 elements essential to the substantive offense, without creating grave doubt about its
19 constitutionality." (Doc. 1, at 5.) He also argues that the statute permits unlawful
20 enhancement "by listing an offence under [the] enhancement statute, and then, after
21 convicting a defendant with the essential element of the offense, use the same element to
22 enhance his sentence." (Id., at 47.) Petitioner's claim in his habeas petition that A.R.S. §13-
23 604.01 is unconstitutionally vague, is based upon sections of the statute, and theories that
24 were not raised by Petitioner in state court. See Beaty v. Stewart, 303 F.3d 975, 989-90 (9th
25 Cir. 2002) (habeas petitioner did not fairly present conflict-of-interest Sixth Amendment
26 claim to Arizona state courts because he presented the federal court with a different conflict
27 than the conflict of interest claim raised in state court).

28 Thus, Petitioner did not raise any of the claims he presents in his habeas petition in the

1 state court. Any attempt now to return to state court to present them is futile, as Petitioner's
2 claims do not fit in the narrow category of claims for which a successive petition is
3 permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a).

Petitioner's claims are therefore procedurally defaulted unless he can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. In his Reply, Petitioner argues that he should be excused from the exhaustion requirement because "newly discovered material facts provide an exception to preclusion," but does not identify the "newly discovered" facts. (Doc. 11, at 7.) He also argues ineffective assistance of counsel because "they failed their primary duty-to ensure a fair trial - which ultimately prejudiced the petitioner." (Id., at 8.) Such vague averments are insufficient to demonstrate a miscarriage of justice or cause and prejudice to excuse procedural default in this case.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because denial of the Petition is justified by a plain procedural bar, and jurists of reason would not find the procedural bar debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 2nd day of May, 2011.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge